UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JAMES MILLER, | No. 2:19-cv-01697 CKD |
| Plaintiff, | |
| v. | ORDER |
| SCOTT JONES, et al., | |
| Defendants. | |

Plaintiff is a civil detainee[1] proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1), and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

---

[1] FN1. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). Page applies to civil rights complaints brought under 42 U.S.C. § 1983. Jennings v. Price, 2018 WL 2684161, *2 (E.D. Cal. June 5, 2018) (unpublished).

1

or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that in May 2019, he was transported from Coalinga State Hospital to the Sacramento County Main Jail, where he was housed for over seven weeks as a civil detainee. (ECF No. 1 at 3-4, 6.)  Plaintiff names Sheriff Scott Jones and the County of Sacramento as defendants and asserts that the jail's policies for civil detainees are identical to or more restrictive than its policies for other jail inmates.  (Id. at 4.)  Plaintiff attaches a purported declaration describing numerous policies and conditions at the jail, including clothing, work, leisure, diet, commissary, bedding, and plumbing.  (Id. at 6-8.)

////

////

Plaintiff asserts that such conditions violated his federal Constitutional rights, citing Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004)[2], which held that, "[a]t a bare minimum, . . . an individual detained under civil process—like an individual accused but not convicted of a crime—cannot be subjected to conditions that 'amount to punishment,'" citing Bell v. Wolfish, 441 U.S. 520 (1979). As a district court in this circuit recently explained:

> [A] condition of confinement for an inmate who has not been convicted violates the Fifth and Fourteenth Amendments if it imposes some harm to the detainee that significantly exceeds or is independent of the inherent discomforts of confinement and is not reasonably related to a legitimate governmental objective or is excessive in relation to the legitimate governmental objective. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473-74 (2015). Under the Fourteenth Amendment, the Court makes an objective assessment whether there is a reasonable relationship between the government's conduct and a legitimate purpose. Id. at 2469. The civil nature of Plaintiffs' confinement provides an important gloss on the meaning of "punitive"; Plaintiffs must be afforded "more considerate treatment" than even pretrial detainees, who are being criminally detained prior to trial. Cf. Estelle v. Gamble, 429 U.S. 97, 104, (1976); Youngberg v. Romeo, 457 U.S. 307, 321–22, (1982). . . . The Court must presume detainees are subjected to punishment if they are confined in conditions identical to, similar to, or more restrictive than those under which the criminally convicted are held. See Sharp v. Weston, 233 F.3d 1166, 1172–73(9th Cir. 2000) (finding that Youngberg required that individuals civilly confined at a commitment center receive "more considerate" treatment than inmates at the correctional center in which the commitment center was located).

Unknown Parties v. Nielsen, 2020 WL 813774, *4 (D.Ariz. Feb. 19, 2020).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted under the above standards. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Here, plaintiff's allegations concerning various jail conditions are not sufficient for the Court to determine the nature and extent of any deprivations and whether defendants were motivated by

---

[2] Overruled in part by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) on grounds not relevant here.

3

legitimate, non-punitive, governmental interests.  See Batten v. Shasta County Bd. of Supervisors, 489 Fed. Appx. 174 (9th Cir. 2012) (unpublished); Jones, 393 F.3d at 932 (analyzing conditions of confinement for civil detainees under the Fourteenth Amendment and stating that civil detainees may be subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility.").

Because plaintiff's complaint fails to state a claim upon which relief can be granted under federal law, it must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

4

Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 27, 2020

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/miller1697.Complaint