UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY JAMES MILLER, | No. 2:19-cv-01697-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| SCOTT JONES, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's first amended complaint raising a Fourteenth Amendment violation based on his conditions of his confinement as a civil detainee against defendant Jones in his role as the policy maker for the Sacramento County Main Jail. See ECF No. 9 at 1 (screening order). Currently pending before the court is defendant's motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition to the motion and defendant has filed a reply. ECF Nos. 15, 16. Accordingly, the motion has been fully briefed. For the reasons explained in further detail below, the undersigned recommends denying defendant's motion.

////

////

////

1

## I. Allegations in the First Amended Complaint

Plaintiff was a civil detainee at the Sacramento County Main Jail for a period of "seven plus weeks" beginning on May 21, 2019.[1] ECF No. 8 at 5. In the first amended complaint, plaintiff challenges his conditions of confinement which were more restrictive than other prisoners who were serving a criminal sentence. ECF No. 8 at 5, 8. Specifically, plaintiff alleges that he was locked in his cell for 23½ hours every day. ECF No. 8 at 13. He was allowed to go to the dayroom ½ hour per day but "some days were skipped with no dayroom or opportunity to shower or shave." ECF No. 8 at 16. He was also denied "social interaction, yard access, fresh air and exercise, tablet use, library reading materials, and a job even though such privileges were afforded to criminal defendants." ECF No. 8 at 14. Plaintiff additionally alleges that he was not allowed to use a cervical pillow or provided with a double mattress for his medical conditions. ECF No. 8 at 18.

Plaintiff attached a declaration to his amended complaint from another civil detainee who was housed in the same cell with him during the relevant time period. ECF No. 8 at 21. Plaintiff's cell mate experienced the same living and hygiene standards as well as restrictions on correspondence and leisure. ECF No. 8 at 21.

Defendant Jones is being sued in his individual as well as official capacity. Plaintiff alleges that defendant Jones was responsible for the policies and procedures that led to plaintiff's unconstitutional conditions of confinement because he was the top policy maker for the jail. ECF No. 8 at 3. Plaintiff alleges that defendant Jones was personally responsible for the "deficient policies, customs, practices, 'training' and/or lack thereof that are the cause of harms and mistreatments." ECF No. 8 at 3.

## II. Motion to Dismiss

Defendant Jones filed a motion to dismiss asserting that plaintiff's amended complaint fails to state an official capacity claim for an unconstitutional policy or custom at the Sacramento County jail. ECF No. 14-1 at 5-7. The motion also asserts that plaintiff has not properly pled an

---

[1] The first amended complaint indicates that plaintiff was awaiting civil commitment proceedings pursuant to the California Welfare and Institutional Code § 6600. See ECF No. 8 at 3.

2

individual capacity claim against defendant Jones for two reasons. ECF No. 14-1 at 7-8. First, the amended complaint does not sufficiently allege defendant's personal involvement in the unconstitutional conditions of confinement. ECF No. 14-1 at 7-8. Secondly, there is no causal nexus between defendant's wrongful conduct and the alleged constitutional violations. Id. Defendant Jones also seeks dismissal of the amended complaint because it fails to state an underlying constitutional violation based on the conditions of plaintiff's confinement. ECF No. 14-1 at 9-10. In support of this argument, defendant cites to California regulations which set the minimum time for recreation and tablet use by jail inmates. ECF No. 14-1 at 9. According to defendant, plaintiff's complaint should be dismissed without further leave to amend. ECF No. 14-1 at 2.

In his verified opposition to the motion to dismiss, plaintiff compares his conditions of confinement with those of other prisoners at the Sacramento jail. Plaintiff states that other prisoners were allowed out of their cells 1-3 hours every morning and 1-3 hours every afternoon. ECF No. 15 at 2.

By way of reply, defendant Jones emphasizes that plaintiff does not identify any specific unconstitutional county policy or custom as a basis for the official capacity claim. ECF No. 16 at 4. With respect to the individual capacity claim, plaintiff fails to connect any constitutional deprivation to defendant's official conduct. ECF No. 16 at 4. Lastly, defendant contends that the conditions of confinement described in the amended complaint do not meet the standard for being punitive because plaintiff fails to provide sufficient information concerning his civil commitment status. ECF No. 16 at 2-3 (citing Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004)).

**III.    Legal Standards**

**A.  Rule 12(b)(6)**

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of

action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In ruling on a motion to dismiss, the court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading[.]" Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Gailbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002); see also Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) (stating that on a Rule 12(b)(6) motion, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). However, the court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d

618, 624 (9th Cir. 1981).

**B. Monell Liability**

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.2006). A municipality can only be liable "when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell, 436 U.S. 658, 694 (1978); see also Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 400 (1997) (emphasizing that "Congress did not intend to impose liability on a municipality unless deliberate action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights."). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of S.F., 308 F.3d 968, 984-85 (9th Cir. 2002)).

**C. Conditions of Confinement**

The constitutional standards governing conditions of confinement for civil detainees were outlined in Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004), another civil rights suit against the Sheriff and County of Sacramento. In Jones, the Ninth Circuit made it clear that civil detainees cannot be held in conditions that amount to punishment. 393 F.3d at 932. "The Fourteenth Amendment requires the government to do more than provide the 'minimal civilized measure of life's necessities, for non-convicted detainees. Rather, 'due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.'" Jones, 393 F.3d at 931 (citations omitted). Punitive conditions of confinement are

those that are either expressly intended to punish or those that are "excessive in relation to the alternative purpose." Demery v. Arpaio, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting Bell v. Wolfish, 441 U.S. 520, 538 (1979)). In determining whether specific conditions constitute punishment, the Ninth Circuit has applied a presumption that a civil detainee is being held in unconstitutionally punitive conditions when said conditions are "identical to, similar to, or more restrictive than, those in which his criminal counterparts are held." King v. County of Los Angeles, 885 F.3d 548, 557 (9th Cir. 2019) (quoting Jones, 393 F.3d at 932)). Once the presumption is found to apply, "the burden shifts to the defendant to show (1) 'legitimate, non-punitive interests justifying the conditions of [the detainee's] confinement' and (2) 'that the restrictions imposed ... [are] not 'excessive' in relation to these interests.'" King, 885 F.3d at 557 (quoting Jones, 393 F.3d at 935)). The Ninth Circuit colorfully described this standard by emphasizing that "purgatory cannot be worse than hell." Jones, 393 F.3d at 933.

### IV. Analysis

Taking the allegations in the complaint as true and resolving all doubts in plaintiff's favor, the court concludes that plaintiff has plausibly alleged a Fourteenth Amendment violation by defendant Jones in his official capacity based on the conditions of his confinement while at the Sacramento County Main Jail. See Benitez v. Hutchens, 817 Fed. Appx. 355 (9th Cir. 2020) (reversing the grant of a motion to dismiss an individual and official capacity claim against a municipal sheriff because the amended complaint plausibly alleged that plaintiff was held in conditions of confinement that amounted to punishment as a civil detainee); see also Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (referring to a custom as the "standard operating procedure" (internal quotation marks and citations omitted)).

The only real issue in this case is whether plaintiff has plausibly alleged an individual capacity claim against defendant Jones. In order to state an individual capacity claim against defendant Jones, plaintiff must plausibly allege that defendant: "(1) promulgate[d], implement[ed], or in some other way possesse[d] responsibility for the continued operation of the ... policy" regarding his conditions of confinement, and (2) that "the [constitutional] violation ... occurred pursuant to that policy." OSU Student Alliance v. Ray, 699 F.3d 1053, 1076 (9th Cir.

2012) (internal quotation marks omitted) (emphasizing that "[w]When a supervisory official advances or manages a policy that instructs its adherents to violate constitutional rights, then the official specifically intends for such violations to occur."). In his amended complaint, plaintiff plausibly alleges that defendant Jones was personally responsible for the policies and procedures that were the moving force for plaintiff's conditions of confinement. ECF No. 8 at 3. Plaintiff further contends that defendant Jones not only set into motion the specific policies that caused plaintiff harm, but he also failed to act to fix, revise, or change these deficient policies. ECF No. 8 at 7. Specifically, in his personal affidavit attached to the complaint, plaintiff states that defendant Jones failed to renew or assign a new compliance officer in 2019 to resolve his conditions of confinement, even though one had previously been employed to address these issues. ECF No. 8 at 12. Therefore, plaintiff has sufficiently alleged an individual capacity claim against defendant Jones. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011).

To the extent that defendant seeks dismissal of the complaint based on plaintiff's failure to articulate whether he was awaiting adjudication as a sexually violent predator or whether he had already been civilly tried, that issue is a rather moot point since the complaint alleges that the conditions of confinement were more onerous than those who had been convicted of crimes. See Jones v. Blanas, 393 F.3d at 933 (stating that "[c]ivil status means civil status, with all the Fourteenth Amendment rights that accompany it" and reversing dismissal where civil detainee "was subject to precisely the same conditions as criminal inmates.").

For all these reasons, the undersigned recommends denying defendant's motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that defendant's motion to dismiss (ECF No. 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mill1697.mtd.docx